UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT SEATTLE

MATTHEW HIPPS and SARAH HIPPS, husband and wife,

                Plaintiffs,

      v.

UNITED STATES OF AMERICA,

                Defendant.

NO.

COMPLAINT FOR DAMAGES

Plaintiffs Matthew and Sarah Hipps allege as follows:

## I.   JURISDICTION

1.1   This action arises under the Federal Tort Claims Act, 28 U.S.C. §§ 1346(b), 2671-80.

1.2   Venue is proper under 28 U.S.C. § 1402; this is the judicial district where Plaintiffs reside and where the acts and omissions complained of occurred.

1.3   Under 28 U.S.C. § 2675(a), Plaintiffs' claims were presented to the United States Department of the Navy ("Navy") on February 6, 2015, and more than six months have passed since the claims were presented. Because the Navy has failed to make a final disposition of the claim within that time, its failure is the equivalent of a denial.

COMPLAINT FOR DAMAGES - 1

92622_2

Peterson | Wampold
Rosato | Luna | Knopp
1501 FOURTH AVENUE, SUITE 2800
SEATTLE, WASHINGTON 98101-1609
PHONE:  (206) 624-6800
FAX:  (206) 682-1415

## II.   PARTIES

2.1   Plaintiffs are a married couple and are residents of Seattle, King County, Washington.

2.2   Mr. Hipps received medical treatment at Virginia Mason Medical Center ("VMMC") in Seattle, Washington, in February of 2013.  That treatment included treatment provided by Dr. Chong Choe.  According to a subsequent Certification of Annette L. Hayes, then First Assistant United States Attorney for the Western District of Washington, Dr. Choe, unbeknownst to Plaintiffs, was at the time an employee of the Navy and was acting within the scope of his employment.  Dr. Choe provided medical treatment that was not consented by Mr. Hipps and that was negligently performed.

## III.   FACTS

3.1   In January 2013, Mr. Hipps was diagnosed with an abdominal tumor.  After consultation with medical experts around the country, Plaintiffs learned that the preferred course of treatment for the tumor was prompt surgical removal.  In the days following the diagnosis, Plaintiffs selected the specific surgeons that were authorized to perform surgery on Mr. Hipps at VMMC.  The surgery was scheduled for February 11, 2013 at VMMC.

3.2   On the morning of February 11, 2013, Mr. Hipps went to VMMC for the surgical removal of his abdominal tumor.  Upon arrival at the hospital, VMMC staff said that Mr. Hipps' surgery would require placing a stent in Mr. Hipps' right ureter, a procedure that must be performed by a urologist.  Mr. Hipps only consented to have Dr. Kathleen Kobashi, the head of the Urology Department at VMMC, perform the stent procedure.

3.3   When Dr. Kobashi did not arrive near the time of Mr. Hipps' surgery, VMMC staff asked if Dr. Choe could explain the stent procedure and get Mr. Hipps' signature on the consent form.  Ms. Hipps, on behalf of Mr. Hipps, agreed that Dr. Choe could explain the consent form, but specifically stated that only Dr. Kobashi was allowed to perform the stent procedure during surgery.

COMPLAINT FOR DAMAGES - 2

92622_2

Peterson | Wampold
Rosato | Luna | Knopp
1501 FOURTH AVENUE, SUITE 2800
SEATTLE, WASHINGTON 98101-1609
PHONE:  (206) 624-6800
FAX:  (206) 682-1415

3.4     When Mr. Hipps signed the consent form, the document stated that only Dr. Kobashi was allowed to perform the stent procedure on Mr. Hipps.  After Mr. Hipps signed the consent form, Ms. Hipps verbally confirmed with Dr. Choe that he was not authorized to perform the stent procedure during Mr. Hipps' surgery.  Dr. Choe stated that he was "just [Dr. Kobashi's] surrogate to get the consent signed" and that Dr. Kobashi was at the hospital and on her way to the operating room.

3.5     After Mr. Hipps signed the consent form, without Plaintiffs' knowledge or consent, Dr. Choe added his name to the form after Dr. Kobashi's.  Upon information and belief, this was done in a different color ink.  Dr. Choe did not provide a copy of the consent form to Mr. Hipps nor did he ensure that the consent form was signed by a witness as required by the applicable consent procedures.  VMMC has since destroyed the consent form and has not provided to Plaintiffs an accurate and complete copy despite claiming to have scanned the document prior to destruction.

3.6     VMMC's medical records reflect that Dr. Choe—not Dr. Kobashi—performed the stent procedure on Mr. Hipps even though Mr. Hipps only consented to have Dr. Kobashi perform the procedure.  The operative records also reflect that Dr. Kobashi, despite being clearly listed as the attending urologist on Mr. Hipps' case, never arrived in the operating room during Mr. Hipps' surgery.  Dr. Choe performed the stent surgery on Mr. Hipps unattended by Dr. Kobashi.

3.7     The urological procedure that Dr. Choe performed on Mr. Hipps did not go as planned and is described in Mr. Hipps' medical records from VMMC as a "traumatic" procedure.  Following surgery, Mr. Hipps started having urinary and urethral complications.  He noticed blood at the tip of his penis and complained of severe pain and swelling in his penis throughout his postoperative course.

3.8     At home, Mr. Hipps' problems increased to the point where he had significant problems urinating.  Ultimately it was determined that Mr. Hipps' urethra had been "obliterated"

COMPLAINT FOR DAMAGES - 3

92622_2

Peterson | Wampold
Rosato | Luna | Knopp
1501 FOURTH AVENUE, SUITE 2800
SEATTLE, WASHINGTON 98101-1609
PHONE:  (206) 624-6800
FAX:  (206) 682-1415

by Dr. Choe.  Surgical repair of this condition was a two-stage process.  Stage one involved harvesting tissue from the inside of Mr. Hipps' mouth to build a urethra skin graft.  Mr. Hipps' penis was then splayed open to lay the skin graft in the place of the destroyed urethra.  The penis was then left in the splayed open position for several months while the skin graft healed.  Stage two involved putting Mr. Hipps' penis back together once the skin graft had tubularized.  Another three months of healing was required to complete the process.

3.9    Despite the surgical repair, Mr. Hipps is left with pain, disability and disfigurement.

3.10    During the painful and disabling surgical repair process, treatment for Mr. Hipps' tumor could not begin.  In addition, Plaintiffs were informed that because Mr. Hipps' urethra was obliterated by Dr. Choe, an additional area of trauma had been created in Mr. Hipps' body, which is a risk factor for the formation of additional tumors.   These facts have caused Plaintiffs significant mental turmoil.

## IV.    CAUSE OF ACTION – MEDICAL NEGLIGENCE

4.1    Dr. Choe was negligent and violated the standard of care with respect to his care and treatment of Mr. Hipps.

4.2    Dr. Choe's negligent medical care and treatment of Mr. Hipps was a direct and proximate cause of injuries and damages to Plaintiffs.

## V.    CAUSE OF ACTION – MEDICAL BATTERY

5.1    Dr. Choe performed a medical procedure on Mr. Hipps when he knew that the patient had not consented for him to perform the procedure.  This constitutes medical battery.

5.2    Dr. Choe's medical battery of Mr. Hipps was a direct and proximate cause of injuries and damages to Plaintiffs.

## VI.    DAMAGES

6.1    As a direct and proximate result of the medical negligence and battery alleged above, Mr. Hipps sustained significant injuries and damages including, but not limited to, past,

COMPLAINT FOR DAMAGES - 4

92622_2

Peterson | Wampold
Rosato | Luna | Knopp
1501 FOURTH AVENUE, SUITE 2800
SEATTLE, WASHINGTON 98101-1609
PHONE:  (206) 624-6800
FAX:  (206) 682-1415

1   present and future physical and emotional disability, trauma and pain, medical expenses, and loss

2   of earnings and other benefits of employment.   Mr. Hipps seeks monetary damages in the

3   amount of $15,000,000.00.

4        6.2   As a direct and proximate result of the medical negligence and battery alleged

5   above, Ms. Hipps has sustained loss of consortium.  Ms. Hipps seeks monetary damages in the

6   amount of $1,500,000.00.

7        6.3   Plaintiffs seek all compensable damages permitted by and pursuant to applicable

8   law.

9                       **VII.   PRAYER FOR RELIEF**

10       WHEREFORE, Plaintiffs pray for judgment against defendant in the sum of

11   $15,000,000.00 for Mr. Hipps and $1,500,000.00 for Ms. Hipps, plus costs, as well as any other

12   damages as may be appropriate in this case.

13

14   / / /

15

16   / / /

17

18

19

20

21

22

23

24

25

26

COMPLAINT FOR DAMAGES - 5

92622_2

Peterson | Wampold
Rosato | Luna | Knopp
1501 FOURTH AVENUE, SUITE 2800
SEATTLE, WASHINGTON 98101-1609
PHONE:  (206) 624-6800
FAX:  (206) 682-1415

1   DATED this 18th day of August, 2015.

2                                                              **PETERSON | WAMPOLD**
                                                             **ROSATO | LUNA | KNOPP**
3

4                                                              *s/ Michael S. Wampold*
                                                             *s/ Ann H. Rosato*
5                                                              *s/ Leonard J. Feldman*
                                                             Michael S. Wampold, WSBA No. 26053
6                                                              Ann H. Rosato, WSBA No. 32888
                                                             Leonard J. Feldman, WSBA No. 20961
7                                                              Attorneys for Plaintiffs
                                                             1501 Fourth Avenue, Suite 2800
8                                                              Seattle, WA  98101
                                                             206.624.6800
9                                                              Email:  wampold@pwrlk.com
                                                             rosato@pwrlk.com
10                                                            feldman@pwrlk.com

11

12                                                            **COLUCCIO LAW**

13                                                            *s/ Kevin Coluccio*
                                                             Kevin Coluccio, WSBA No. 16245
14                                                            Attorneys for Plaintiffs
                                                             2025 1st Ave., Suite 1130
15                                                            Seattle, WA  98121
                                                             206.826.8200
16                                                            Email: kc@coluccio-law.com

17

18

19

20

21

22

23

24

25

26

COMPLAINT FOR DAMAGES - 6

92622_2

Peterson | Wampold
Rosato | Luna | Knopp
1501 FOURTH AVENUE, SUITE 2800
SEATTLE, WASHINGTON 98101-1609
PHONE:  (206) 624-6800
FAX:  (206) 682-1415